**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| FRIENDS OF THE WILD SWAN; SWAN VIEW COALITION; ALLIANCE FOR THE WILD ROCKIES; NATIVE ECOSYSTEMS COUNCIL, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> RICH KEHR, U.S. Forest Service Swan Lake District Ranger; CHIP WEBER, U.S. Forest Service Flathead National Forest Supervisor; LEANNE MARTEN, U.S. Forest Service Region One Forester; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, <br><br> Defendants-Appellees. | No.  18-35612 <br><br> D.C. No. 9:17-cv-00120-DLC <br><br> **MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted April 11, 2019
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Appellants, four environmental nonprofits, sued to enjoin the United States Forest Service's Beaver Creek Project, arguing that it is inconsistent with the Flathead National Forest Land and Resource Management Plan ("the Forest Plan"). The district court granted summary judgment in favor of the Forest Service and appellants appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The National Forest Management Act ("NFMA") requires that each National Forest develop a forest plan, and that all projects be consistent with the governing forest plan. 16 U.S.C. § 1604(a), (i); *Native Ecosystems Council v. USFS*, 418 F.3d 953, 961 (9th Cir. 2005). Similarly, failure to comply with provisions of the governing forest plan violates the National Environmental Policy Act ("NEPA"). *Id.* at 965.

Appellants argue that the Forest Service violated NFMA and NEPA by failing to ensure that the Beaver Creek Project would comply with the Forest Plan's road density objectives for grizzly bear habitat in the Buck Holland subunit. Amendment 19 of the Forest Plan provides road density objectives for grizzly bear habitat in Flathead National Forest and standards for evaluating Forest Service action impacting the forest. Appellants argue that the Buck Holland subunit is out

2

of compliance with Amendment 19's objectives. While that is correct, the Forest Service correctly argues that the Beaver Creek Project's legality does not depend on its compliance with the Amendment 19's objectives. Instead, the Beaver Creek Project complies with Amendment 19 if it satisfies Amendment 19's standard for actions affecting grizzlies. Because the Beaver Creek Project will "result in a net gain towards" the objectives in Amendment 19, the Project is not inconsistent with the forest plan's requirements in the Buck Holland subunit.

Appellants next argue that the Forest Service violated NFMA and NEPA by failing to demonstrate that the Beaver Creek Project would comply the Forest Plan's road density standards for grizzly bear habitat in the Beaver Creek subunit. With respect to the Beaver Creek Grizzly Bear subunit, appellants argue the Project does not comply with Amendment 19 because the Project will impermissibly increase road density in the Beaver Creek subunit. Appellants reach this conclusion by arguing that the Forest Service improperly excluded certain "reclaimed" roads from its calculation of road density following the Project.

Under Amendment 19, open and restricted roads both count toward total motorized access calculations. But "reclaimed" roads may be subtracted from road density calculations. Reclaimed roads are defined as roads that have "been treated in such a manner so as to no longer function as a road or trail[.]" Amendment 19

3

then goes into detail on the kinds of activities that must be undertaken to reclaim a road. The Project activities the Forest Service plans to undertake will render the roads at issue "reclaimed." The Forest Service has thus demonstrated compliance with Amendment 19's road density objectives in the Beaver Creek subunit. Therefore, the Project is consistent with the Forest Plan and does not violate NFMA or NEPA.

Finally, appellants argue that the Forest Service violated NFMA and NEPA by failing to demonstrate compliance with the Forest Plan's road density standards for elk habitat in the Beaver Creek Project area. While this argument has significant force, we ultimately conclude that the Forest Service demonstrated compliance with the Forest Plan. The Forest Plan contains a standard that requires "[a]reas with 'moist sites'" to be managed "with open road densities that average 1 mile or less per square mile" during the elk use period. Moist sites are defined as sites "found at the heads of drainages, bordering streams or marshy meadows, or occupying moist swales or benches." The Forest Service admits that the Project's Environmental Assessment ("EA") did not expressly provide a specific determination about road density in areas near elk moist sites. Indeed, the Forest Service did not identify specific locations of elk moist sites. Ultimately, we conclude that the Project satisfies the Forest Plan based on the fact that a large

4

portion of the Beaver Creek subunit has an open road density of less than one mile per square mile and the Forest Service's explanation in the EA that "moist sites occur primarily . . . in roadless and wilderness areas[.]" While the Forest Service could have done a better job demonstrating its compliance with the elk habitat road density standards by mapping moist sites and showing that open road densities near those moist sites will meet the Forest Plan's standard, we nevertheless conclude that the Forest Service did just enough to comply with the Forest Plan, NFMA, and NEPA.

**AFFIRMED.**